Recording requested by and
when recorded return to:
FSC0440
2210 ENTERPRISE DR
FLORENCE, SC 29501

This Mortgage prepared by:
CHENTELL SHORES
WASHINGTON MUTUAL BANK
3050 HIGHLAND PKWY
DOWNERS GROVE, IL  60515-5564







**MORTGAGE**

Loan Number: _____

THIS MORTGAGE is from:
HECTOR CORZO

whose address is:
_____14911 SW 80TH ST   MIAMI, FL 33193_____

("Borrower") in favor of:
WASHINGTON MUTUAL BANK, A FEDERAL ASSOCIATION, WHICH IS ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND WHOSE ADDRESS IS 2273 N GREEN VALLEY PARKWAY, SUITE #14, HENDERSON, NV  89014 ("LENDER") AND ITS SUCCESSORS OR ASSIGNS.

  1. **Granting Clause.** Borrower hereby grants, bargains, sells, mortgages, and conveys to Lender and its successors and assignees, in Trust, with power of sale, the real property in _____BROWARD_____ County, Florida, described below and all interest in it Borrower ever gets:

This Mortgage is second and subordinate to _____ first Mortgage in the amount of $_____ recording concurrently herewith.

Tax Parcel Number: _____50-42-11-BH-0020_____ together with all insurance and condemnation proceeds related to it  all income, rents, and profits from it; all plumbing, lighting, air conditioning, and heating apparatus and equipment; and all fencing, blinds, drapes, floor coverings, built-in appliances, and other fixtures at any time installed on or in or used in connection with such real property, all of which at the option of Lender may be considered to be either personal property or to be part of the real estate.

3 2 5 8 (01/24/07) w8.2

H.C.



Page 1 of 7

JPMC7991-00022

All of the property described above will be called the "Property." If any of the Property is subject to the Uniform Commercial Code, this Mortgage is also a Security Agreement which grants Lender, as secured party, a security interest in all such property.

2. **Security.**

(a) This Mortgage is given to secure performance of each promise of Borrower contained herein and the payment of:

____ONE HUNDRED FIFTY NINE THOUSAND EIGHT HUNDRED FORTY AND 00/100____ Dollars ( ___$159,840.00___ ) (called the "Loan") with interest as provided in the promissory note which evidences the Loan (the "Note") and any renewals, modifications or extensions thereof. It also secures payment of certain fees and costs of Lender as provided in Section 10 and repayment of money advanced by Lender under Section 6 or otherwise to protect the Property or Lender's interest in the Property. All of these amounts are collectively called the "Debt." The Note provides that unless sooner repaid, the loan is due and payable in full on ___06/25/2037___ ("the Maturity Date").

(b) In addition to the Debt secured by this Mortgage, this Mortgage shall also secure and constitute a lien on the Property for all future advances made by Lender to Borrower for any purpose within Thirty (30) years after the date of this Mortgage, just as if the advance were made on the date of the Mortgage. Any future advance may be at the option of Lender. The total amount of the indebtedness that may be secured by this Mortgage may increase or decrease from time to time but the total unpaid balance secured at any one time by this Mortgage shall not exceed two (2) times the maximum credit limit that is set forth in Paragraph 2(a) of this Mortgage, together with accrued interest and all of Lender's costs, expenses, and disbursements made under this Mortgage.

☐ **If this box is checked, the Note secured by this Mortgage provides for a variable rate of interest.**

3. **Representations of Borrower.** Borrower warrants and represents that:

(a) Borrower is the owner of the Property, which is unencumbered except by easements, reservations, and restrictions of record not inconsistent with the intended use of the Property, and any existing mortgage or deed of trust given in good faith and for value, the existence of which has been previously disclosed in writing to Lender; and

(b) The Property is not used for any agricultural or farming purposes.

4. **Promises of Borrower.** Borrower promises:

(a) To keep the Property in good repair; not to move, alter, or demolish any of the improvements on the Property without Lender's prior written consent; and not to sell or transfer the Property or any interest in the Property in violation of the provisions of Section 5;

(b) To allow representatives of Lender to inspect the Property at any reasonable hour, and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the Property;

(c) To pay on time all lawful taxes and assessments on the Property;

(d) To perform on time all terms, covenants and conditions of any prior mortgage or deed of trust on the Property or any part of it and pay all amounts due and owing thereunder in a timely manner;

(e) To see to it that this Mortgage remains a valid lien on the Property superior to all liens except those described in Section 3(a), and to keep the Property free of all encumbrances which may impair Lender's security. It is agreed that if anyone asserts the priority of any encumbrance other than those described in Section 3(a) over this Mortgage in any pleading filed in any action, the

H.C.

JPMC7991-00023

assertion alone shall be deemed to impair the lien of the Mortgage for purposes of this Section 4(e); and

(f) To keep the improvements on the Property insured by a company satisfactory to Lender against fire and extended coverage perils and against such other risks as Lender may reasonably require, in an amount equal to the full insurable value and to deliver evidence of such insurance coverage to Lender. Lender shall be named as the loss payee on all such policies pursuant to a standard lender's loss payable clause. The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in the same manner as payments under the Note or, at Lender's sole option, released to Borrower. In the event of foreclosure or sale of the Property all rights of the Borrower in insurance policies then in force shall pass to the purchaser at the Sheriff's sale.

5. **Sale, Transfer or Further Encumbrance of Property.** The Loan is personal to Borrower and the entire Debt shall be accelerated and become immediately due and payable in full upon any sale or other transfer of the Property or any interest therein by Borrower including, without limit, further encumbrance of the Property. A sale or other transfer of the Property or any interest therein by Borrower without the full repayment of the Debt shall constitute an event of default hereunder.

6. **Curing of Defaults.** If Borrower fails to comply with any of the covenants in Section 4, including all the terms of any prior mortgage, or deed of trust, Lender may take any action required to comply with any such covenants without waiving any other right or remedy it may have for Borrower's failure to comply. Repayment to Lender of all the money spent by Lender on behalf of Borrower shall be secured by this Mortgage. The amount spent shall bear interest at the rate specified in the Note and be repayable by Borrower on demand.

7. **Remedies of Default.**
(a) Prompt performance under this Mortgage is essential. If Borrower doesn't pay any installment of the Loan on time, or if there is a breach of any of the promises contained in this Mortgage or any other document securing the Loan, Borrower will be in default and the Debt and any other money whose repayment is secured by this Mortgage shall immediately become due and payable in full, at the option of Lender. If Borrower is in default and Lender exercises its right to demand repayment in full, the total amount owed by Borrower on the day repayment in full is demanded, including unpaid interest, shall bear interest at the rate specified in the Note from the day repayment in full is demanded until repaid in full.

(b) Upon the occurrence of a default as set forth in Paragraph 7(a) above, Lender may institute an action to foreclose this Mortgage under Florida law and Lender may seek any other remedies available to it under applicable Florida law.

(c) The foreclosure of this Mortgage is not the exclusive remedy of Lender to collect the Debt. Lender may, upon the occurrence of a default as set forth in Paragraph 7(a) above, institute any other remedies available to a creditor under Florida law. In connection with any portion of the Property which is personal property, Lender shall further be entitled to exercise the rights of a secured party under the Uniform Commercial Code as then in effect in the State of Florida.

(d) By accepting payment of any sum secured by this Mortgage after its due date, Lender does not waive its right to require prompt payment when due of all other sums so secured or to declare a default for failure to so pay.

8. **Notice and Opportunity to Cure Defaults.** Except in the case of abandonment or other extreme circumstances, Lender shall, at least thirty (30) days prior to declaring the entire Debt immediately due and payable in full and/or exercising any of the other remedies for default specified

3 2 5 8 (01/24/07) w8.2

Page 3 of 7

H.C

in Section 7, send to Borrower, by certified mail, a notice of default specifying the nature of the default and in the case of a payment default, the sum of the payments in default and any applicable late charges.

Borrower will have thirty (30) days from the postmarked date of such default notice to cure the default and during such thirty (30) day period Lender shall not, in the absence of extreme circumstances, declare the entire Debt immediately due and payable in full and/or pursue any of the other remedies for default specified in Section 7. The above notwithstanding, Borrower shall be entitled to only two (2) such default notices in any twelve (12) month period and if subsequent defaults occur within that twelve (12) month period Lender may exercise its remedies for default immediately and without notice to Borrower.

9. **Condemnation; Eminent Domain.** In the event any portion of the Property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the Debt and all other obligations secured by this Mortgage, shall be paid to Lender to be applied thereto in the same manner as payments under the Note.

10. **Fees and Costs.** Borrower shall pay Lender's reasonable cost of searching records, other reasonable expenses as allowed by law and reasonable attorney's fees in any lawsuit or other proceeding to foreclose this Mortgage, in any lawsuit or proceeding which Lender is obliged to prosecute or defend to protect the lien of this Mortgage or to otherwise protect its security and in any other action taken by Lender to collect the Debt, including any disposition of the Property under the Uniform Commercial Code.

11. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage. Borrower shall pay for all recordation costs of any satisfaction of this Mortgage and a Release Fee, except as prohibited by law.

12. **Miscellaneous.** This Mortgage shall benefit and obligate the parties, their heirs, devisees, legatees, administrators, executors, successors and assigns. The term "Lender" shall mean the holder and owner of the Note secured by this Mortgage, whether or not that person is named as Lender herein. The words used in this Mortgage referring to one (1) person shall be read to refer to more than one (1) person if two (2) or more have signed this Mortgage or become responsible for doing the things this Mortgage requires. This Mortgage shall be governed by and construed in accordance with Federal law and, to the extent Federal law does not apply, the laws of the state of Florida.

In the event of any action hereunder or related hereto Borrower hereby waives any right to a jury trial. If any provision of this Mortgage is determined to be invalid under law, that fact shall not invalidate any other provision of this Mortgage, but the Mortgage shall be construed as if not containing the particular provision or provisions held to be invalid and all remaining rights and obligations of the parties shall be construed and enforced as though the invalid provision did not exist.

13. **Payoff and Similar Statements.** Unless prohibited by law, Lender may collect a fee in the amount determined by Lender, for furnishing a payoff demand statement or similar statement.

3 2 5 8 (01/24/07) w8.2

H.C.

JPMC7991-00025

☐ **14. Joining in Execution.** If this box is checked the following applies: _____ joins in the execution and delivery of this Mortgage to induce the Lender to make the loan and to create a valid, enforceable lien under Florida homestead law. _____ does not undertake any responsibility for the payments of the note secured by this Mortgage or the performance of any of the warranties, terms, or conditions of this Mortgage.

**15. Riders.** If one (1) or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☒ Condominium Rider            ☐ Other: _____
                                                  (specify)
☒ Planned Unit Development Rider

3 2 5 8 (01/24/07) w8.2                                                    Page 5 of 7

H.C.

JPMC7991-00026

DATED AT BROWORD, FLORIDA this 25 day of June, 2007.

BORROWER(S):

_____
HECTOR CORZO

STATE OF FLORIDA        )
                        ) SS
COUNTY OF Broward       )

The foregoing instrument was acknowledged before me this 25 day of June, 2007 by:

HECTOR CORZO _____ and
_____ and
_____ and
_____ and
_____ and
_____ and
_____ and

who is/are personally known to me or has produced _____ Dr. Licew R _____ as identification.

MICHELLE CABRERA
MY COMMISSION # DD 451242
EXPIRES: November 12, 2009
Bonded Thru Notary Public Underwriters

Printed/Typed Name: _____
Notary Public in and for the State of Florida
Commission Number: _____

3 2 5 8 (01/24/07) w8.2                                          Page 7 of 7

JPMC7991-00028