**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cr-60340-BLOOM**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MARCO LAURETI,

     Defendant.

_____/

<u>**OMNIBUS ORDER**</u>

**THIS CAUSE** is before the Court upon Defendant, Marco Laureti's, Motion for New Trial Pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedures, ECF No. 219 ("Motion for New Trial"), Motion to Compel Government's Disclosure of Evidence, ECF No. [239] ("Motion to Compel"), Motion for Evidentiary Hearing on Motion for New Trial Pursuant to Fed. R. Crim. P. 33(b)(1), ECF No. [247] ("Motion for Evidentiary Hearing"), and the Government's Motion for Trial Judge Judicial Determination of Motion for a New Trial, ECF No. [246] ("Government's Motion") (collectively, the "Motions"). The Court has considered the Motions, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

### I.    BACKGROUND

On December 13, 2016, Defendant was charged in a nine-count Superseding Indictment. Count One charged Defendant with conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349. Counts Three through Nine charged wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343. The charges stemmed from a

scheme in which Defendant and others allegedly submitted a series of mortgage loan applications containing false information to Washington Mutual Bank ("WaMu") in order to induce WaMu to issue mortgages. Defendant's defense at trial was not to deny that fraudulent applications had been submitted to WaMu, but to argue that he had been entirely unaware of the fraud. ECF No. [139] at 1. He maintained that the fraud had been masterminded by a foreign businessman, Felix Mostelac, and executed with assistance from mortgage broker, Galen Frizzie,, and closing agent, Michelle Cabrera, all without Defendant's knowing involvement. *See id.* at 1-2. Defendant testified for two days and called witnesses to bolster his defense. *See* ECF Nos. [182] and [183]. After an eleven-day trial, on November 6, 2017, Defendant was found guilty by a jury to Count One and Counts Three through Nine. ECF No. [88].

On November 20, 2017, Defendant filed his first motion for a new trial, ECF No. [115], which motion he subsequently amended on November 21, 2017, ECF No. [118] (the "Initial Motion for New Trial"). In the Initial Motion for New Trial, Defendant requested vacatur of the judgment against him. He argued that the Court's exclusion of reverse Rule 404(b) evidence violated his constitutional rights to present a complete defense and that the evidence would have shown that Mr. Mostelac and Ms. Cabrera had the motive, opportunity, intent, plan, and ability to carry out the scheme to defraud WaMu without his knowledge or participation. *Id.* On January 23, 2018, Judge Cohn, who had presided over the trial, denied the Initial Motion for New Trial, ECF No. [139]. In that order, the Court found Defendant's argument "unavailing" and concluded that "the jury was well aware of Mostelac and Cabrera's past misconduct, having heard extensive testimony about it from the witnesses and argument regarding that testimony in defense counsel's summation. Therefore, the Court cannot find that the marginal impact of the excluded testimony would have been substantial enough to alter the jury's view of whether the Government had proven

intent, or to cast a significantly different light upon the Government's general story. Rather, the excluded testimony constitutes precisely the sort of repetitive, marginally relevant, confusing evidence that trial courts routinely disallow. *Id.* at 6 (internal citation and footnote omitted).

On January 31, 2018, Defendant was sentenced to 180 months' imprisonment and ordered to pay approximately $8.3 million in restitution jointly and severally with defendants Ms. Cabrera and Pedro Melian. ECF No. [144]. During the sentencing hearing, Judge Cohn found that Defendant "willfully gave false testimony to the jury," and adopted "those examples of perjured testimony which are set forth on Pages 32 to 34 of the government's response. That's Docket Entry 136." *See* ECF No. [185] at 36-37. On February 8, 2018, Defendant filed his notice of appeal of the final judgment and sentence entered against him. ECF No. [149]. *See also* ECF No. [219] at 9 (noting that the appeal is pending and that Defendant's conviction is not final).

On December 16, 2019, Defendant filed the instant Motion for New Trial, ECF No. [219]. In the motion, Defendant alleges four categories of supposed newly discovered evidence: (1) in 2007, the State of Ohio publicly revoked Gordon Lending Corporation's mortgage broker license and in 2009 there was a complaint filed in Florida with the Office of Financial Regulation about Gordon Lending Corporation; (2) Galen Frizzie, the mortgage broker, did not have a Florida mortgage broker's license until 2015; (3) WaMu aided and abetted the fraud, based on two publicly available lawsuits filed before trial; and (4) Stewart Title Guaranty Company, the company that insured the title agent, is an unindicted co-conspirator. *See id.* at 65-75. He also rehashes many arguments previously raised in the Initial Motion for New Trial, which issues were decided previously by Judge Cohn. *See* ECF No. [139].[1]

---

[1] Defendant's arguments on grounds that do not constitute newly discovered evidence, such as whether reverse Rule 404(b) evidence should have been admitted, are time-barred and cannot form the basis for a new trial. *See* Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on

On February 7, 2020, Defendant filed his Motion to Compel, ECF No. [239]. In that motion, he requests the Court compel the Government to disclose information and materials and other evidence reflecting on the credibility of the Government's witnesses. *See id.* On February 21, 2020, the Government filed the Government's Motion, ECF No. [246], in which it requests that Judge Cohn preside over the Motion for New Trial rather than the undersigned. Specifically, the Government argues that judicial economy favors Judge Cohn handling the motion because he was the trial judge and "personally heard the twenty-three witnesses, including the defendant testifying in his own defense, observed all of the witnesses' credibility and their demeanors, and evaluated and weighed the evidentiary value of the hundreds of exhibits admitted throughout the approximately three-week trial," he sentenced Defendant, and decided the Initial Motion for New Trial. *See id.* at 2-3. On February 28, 2020, Defendant filed his Motion for Evidentiary Hearing, ECF No. [247]. In that motion, Defendant requests an evidentiary hearing "due to the Government's pattern of prosecutorial misconduct in soliciting perjury from their witnesses and now failure to correct the perjury." *Id.* at 1.

The Motions, accordingly, are ripe for consideration.

## II.    DISCUSSION

### A.    Government's Motion

The Government's Motion, ECF No. [246], requests that Judge Cohn rule on Defendant's Motion for New Trial. The Government acknowledges that it is "without a doubt, within this Court's discretion to consider and rule on the defendant's current, second new trial motion." *Id.* at 3. The Government adds that, although the Eleventh Circuit "has held that the trial judge . . . is in

---

any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.").

a suitable position to rule on a new trial motion," "[n]one of this means, however, that this Court could not consider and rule on the motion." *Id.* at 3-4. Upon review, the Court declines Defendant's invitation. The Government's Motion, accordingly, is denied.

### B.    Motion for New Trial

Defendant's Motion for New Trial, ECF No. [219], was filed after Defendant had been found guilty at his jury trial and sentenced, and after he filed his notice of appeal of his criminal judgment and sentence. *See* ECF No. [149]. Because a pending appeal exists, which appeal addresses issues raised in the instant motion and likewise requests that Defendant be granted a new trial, *see United State of America v. Laureti*, Case No. 18-10508 (11th Cir. Apr. 1, 2020), the Court cannot grant Defendant's motion.

Rule 33(b)(1), Fed. R. Crim. P., provides that "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Similarly, Rule 37, Fed. R. Crim. P., directs that if a "timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: . . . deny the motion[.]" *Id.* at Rule 37(a)(2). *See also United States v. Hogan*, 181 F. App'x 803, 804 (11th Cir. 2006) (explaining that while a district court does not lack jurisdiction to entertain a motion for a new trial while a direct appeal is pending, the court may deny the motion).

A motion for a new trial is "addressed to the sound discretion of the trial court." *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987). In this vein, motions for a new trial "based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006). Indeed, Defendant faces a "high burden in demonstrating that a new trial is warranted." *United States v. Spellissy*, 346 F. App'x 446, 451 (11th Cir. 2009) (citing *Campa*, 459 F.3d at 1151).

Against this backdrop, the Court "presume[s] that evidence that is not discovered until after the trial is over would not have affected the outcome." *Taylor v. Illinois*, 484 U.S. 400, 414 (1988) (citing *Ragnar Benson, Inc. v. Kassab*, 325 F.2d 591, 594 (3d Cir. 1963) ("[C]ourts will indulge all presumptions in favor of the validity of a verdict.")).

Examining the merits, the Court finds that the alleged "new evidence" should have been raised in the Initial Motion for New Trial. "Newly discovered evidence is evidence that could not have been discovered with due diligence at the time of trial." *United States v. Beasley*, 582 F.2d 337, 339 (5th Cir. 1978). Defendant does not explain why the evidence that he relies upon could not have been discovered before trial, presented at trial, or considered by the Court earlier when he first sought a new trial—all before he filed his appeal and the instant motion. The new evidence consists largely of public information and is comprised of cumulative impeachment-type evidence rather than "smoking gun" direct exculpatory-type evidence. *See Champion*, 813 F.2d at 1171 ("Newly discovered impeaching evidence is insufficient to warrant a new trial."); *United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002) (affirming denial of new trial motion where allegedly withheld public record information could have been obtained through due diligence); *United States v. Cook*, 170 F. App'x 639, 640 (11th Cir. 2006) (affirming denial of new trial motion where defendant "has not demonstrated that a reasonable probability existed that the outcome of his trial would have been different," he "has not shown that he could not have possessed [the] evidence with reasonable diligence," and the new evidence was publicly available).

Defendant, significantly, does not establish how any of the four categories of new evidence would have produced a materially different result for him had he presented it at trial.[2] *See United*

---

[2] The parties agree that there are different grounds for obtaining a new trial: Rule 33, *Giglio*, and *Brady*. *See* ECF Nos. [219] at 76 and [268] at 45. They also agree that the ability for the new evidence to affect the verdict is a key element across these tests. *Compare* ECF No. [219] at 75-

*States v. Agur*, 427 U.S. 97, 109-10 (1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."); *see also Champion*, 813 F.2d at 1170-71 (stating that defendant's discovery post-trial that a bail bondsman's license had been revoked pre-trial, when it had been represented that the individual was a licensed bail bondsman involving facts in a drug conspiracy, did not establish sufficient grounds for a new trial as the evidence was impeachment evidence, there was no explanation for why the evidence was not discovered before trial in the exercise of due diligence, and because the license revocation would not have changed the trial's result); *United States v. Tellechea*, 478 F. App'x 605, 608 (11th Cir. 2012) (affirming denial of motion for new trial based on *Brady* violation where "there is no reasonable probability that the cumulative impeachment evidence would have led to a different result").

In this regard, the Defendant does not demonstrate how the "new evidence" displaces the significant body of counterevidence produced against him so as to create a reasonable probability that the verdict would be different. *See United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985) (noting that motions for new trials "based on weight of the evidence are not favored"

---

76 ("The common thread that ties together the types of evidence supporting a proper Rule 33(b)(1) motion is that the newly discovered evidence must, in some non-attenuated and material way, impugn the reliability of the jury's verdict. . . . 'Under this category of *Brady* violation the defendant is entitled to a new trial 'if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'") *with* ECF No. [268] at 48 ("Although the full requirements of each test are distinct, each requires that the new information would have changed the outcome of the trial. Thus, this new evidence would have to product a vastly different result for the defendant."). The parties' statements accurately reflect the law. *See United States v. Caro*, 589 F. App'x 449, 454-55 (11th Cir. 2014) (setting forth the elements to obtain a new trial under Rule 33, *Brady*, and *Giglio* and explaining that "[a]lthough the full requirements of each test are distinct, each requires that there be a reasonable likelihood that the new information would have affected the outcome of the case. Because each of the tests for a new trial requires [the defendant] to meet every prong, his failure to prove this one element would be fatal to his claim under all three theories"). The Court concludes that Defendant has not carried his burden to warrant a new trial under any of these tests.

and are to be granted "sparingly and with caution, doing so only in those really 'exceptional cases,'" and explaining that a "court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand") (internal citation omitted); *United States v. Bagley*, 473 U.S. 667, 682 (1985) (a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome"); *United States v. Park*, 517 F. App'x 770, 771-72 (11th Cir. 2013) (affirming denial of new trial motion because the evidence "is merely cumulative impeachment material that in no way suggests a new trial would 'probably produce a different result'").

Accordingly, the Motion for New Trial is without merit, and it is denied.

### C.   Motion for Evidentiary Hearing

In Defendant's Motion for Evidentiary Hearing, ECF No. [247], he requests that the Court hold an evidentiary hearing to resolve his Motion for New Trial "due to the Government's pattern of prosecutorial misconduct in soliciting perjury from their witnesses and now failure to correct the perjury." *Id.* at 1. He argues that his post-trial discovery of "new evidence" "proves Mr. Frizzie's perjured testimony infected the [t]rial process" and that the evidence "could have affected the outcome of the trial." *Id.* at 2. He adds that his "entire defense strategy could have been different upon the Government providing this material evidence" and that he "could have moved to dismiss the superseding indictment," which this Court "could have granted." *Id.* at 3. Upon review, the Court rejects Defendant's assessment and finds that he has failed to establish how a new trial is warranted, especially regarding how the evidence could, with reasonable probability, affect the outcome of his jury trial, which involved hundreds of exhibits and testimony from numerous witnesses including Defendant.

An evidentiary hearing is not required to resolve a motion for a new trial where "the record contained all the evidence needed to dispose of each of the grounds asserted as a basis for a new trial." *United States v. Scrushy*, 721 F.3d 1288, 1305 n.30 (11th Cir. 2013); *See also United States v. Jernigan*, 341 F.3d 1273, 1289 (affirming district court's refusal to conduct an evidentiary hearing on a motion for a new trial where the court concluded that defendant failed to establish how the new evidence likely would have generated a different result at trial). The decision as to whether to hold an evidentiary hearing on the new evidence allegations is left to the Court's "sound discretion, subject only to review for an abuse of that discretion." *United States v. Slocum*, 708 F.2d 587, 600 (11th Cir. 1983) (holding that trial court did not abuse its discretion in denying the motion for a new trial without an evidentiary hearing); *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996) (holding that district court did not abuse its discretion in denying motion for a new trial without an evidentiary hearing because the defendant's allegations "lack merit" and therefore do not "warrant" an evidentiary hearing).

Defendant's Motion for a New Trial, ECF No. [219], is approximately 140 pages in length. He also filed nearly 300 pages of exhibits, ECF No. [221], and a 19-page supplement, ECF No. [250]. Yet, despite the volume of materials filed, he fails to show why this "new evidence" could not have been discovered pre-trial or presented at trial through the exercise of reasonable due diligence, why this evidence was not raised in his Initial Motion for New Trial, or simply how this evidence would have reasonably affected the outcome of the jury trial. Indeed, the record reflects significant evidence of Defendant's guilt. *See, e.g.*, ECF No. [268] at 53-54 (summarizing over 26 acts implicating Defendant that did not involve Mr. Frizzie). And, notably, Defendant took the stand and gave testimony for over two days in his defense, but the jury verdict was still unfavorable to him on eight of the nine counts. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995)

(explaining that "[d]efendants in criminal trials are not obligated to testify. And a defendant who chooses to present a defense runs a substantial risk of bolstering the Government's case. . . . Most important, a statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of the defendant's guilt" and noting that a jury, hearing defendant's words and seeing his demeanor, is entitled to disbelieve defendant's testimony and "in fact, to believe the opposite of what" the defendant says) (emphasis in original, footnotes omitted).

Under these circumstances, an evidentiary hearing is not appropriate. *See United States v. Elso*, 364 F. App'x 595, 597 (11th Cir. 2010) ("Where the resolution of a motion for a new trial is clear, the district court is not required to hold an evidentiary hearing."). *See also United States v. Collins*, 521 F. App'x 855, 862 (11th Cir. 2013) (explaining that "even if [defendant] had filed a Rule 33 motion, he was not entitled to a hearing because his alleged new evidence was merely impeaching and it would have been unlikely to produce a different result at trial"). The Motion for Evidentiary Hearing, thus, is denied.

### D.     Motion to Compel

In Defendant's Motion to Compel, ECF No. [239], he requests that the Court compel the Government to disclose information and materials and other evidence reflecting on the credibility of the Government's witnesses. *Id.* Specifically, he seeks the disclosure of 33 categories of information related "to the credibility of Mr. Laureti's conviction." *Id.* Upon review, the Court finds that granting the relief Defendant seeks is unwarranted. *See, e.g.*, *United States v. Thompson*, 335 F. App'x 876, 882 (11th Cir. 2009) (holding that district court did not abuse its discretion by declining to order discovery where defendant failed to establish that the new evidence "probably would change the result of [the] trial"); *Caro*, 589 F. App'x at 454 (affirming district court's denial of motion to compel discovery where defendant failed to show how the evidence would likely have

resulted in a different outcome at trial); *see also United States v. Arias-Izquierdo*, 449 F.3d 1168, 1189 (11th Cir. 2006) (explaining that *Brady* cannot be "convert[ed] . . . into a discovery device" and that discovery should not be ordered "upon mere speculation" regarding whether it would contain exculpatory evidence).

The discovery requests, moreover, appear patently overbroad. For instance, he seeks "work product, reports, and complaints" from Florida and Ohio law enforcement, communications between the U.S. Attorney's Office for the Southern District of Florida and the U.S. Attorney's Office for the Southern District of Ohio, FBI offices in Florida and Ohio, Ohio and Florida law enforcement, the Ohio Department of Commerce and the Florida Office of Financial Regulation, the FDIC, Stewart Title Guaranty Company, and many others, and "all complaints lodged against Government Expert Constance Wilson in any state in connection to mortgage brokerage business." *Id.* The Motion to Compel is improper on this basis alone. Moreover, because Defendant has not established that the material sought would likely affect the outcome of the trial in light of the overwhelming evidence presented against him at trial, further post-trial discovery is inappropriate.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendant's Motion for a New Trial, **ECF No. [219]**, is **DENIED**;

2.    Defendant's Motion to Compel, **ECF No. [239]**, is **DENIED**;

3.    The Government's Motion, **ECF No. [246]**, is **DENIED**; and

4.    Defendant's Motion for Evidentiary Hearing, **ECF No. [247]**, is **DENIED**.

Case No. 16-cr-60340-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 15, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

counsel of record

Marco Laureti
#14482-104
FCI Coleman Low – Unit 4A
Federal Correctional Complex
P.O. Box 1031
Coleman, FL 33521