UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-60340-BLOOM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

MARCO LAURETI,

 Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant, Marco Laureti's, Omnibus Motion for Reconsideration, ECF No. [277] ("Motion"), and his Supplement to Omnibus Motion for Reconsideration, ECF No. [280] ("Supplement"). The Court has considered the Motion, the Supplement, all supporting and opposing submissions (ECF Nos. [279], [281], [282], [283]), the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On December 13, 2016, Defendant was charged in a nine-count Superseding Indictment. Count One charged Defendant with conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349. Counts Three through Nine charged wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343. The charges stemmed from a scheme in which Defendant and others allegedly submitted a series of mortgage loan applications containing false information to Washington Mutual Bank ("WaMu") in order to induce WaMu to issue mortgages. Defendant's defense at trial was not to deny that fraudulent applications had been

submitted to WaMu, but to argue that he had been entirely unaware of the fraud. ECF No. [139] at 1. He maintained that the fraud had been masterminded by a foreign businessman, Felix Mostelac, and executed with assistance from mortgage broker Galen Frizzie, and closing agent, Michelle Cabrera, all without Defendant's knowing involvement. *See id.* at 1-2. Defendant testified for two days and called witnesses to bolster his defense. *See* ECF Nos. [182] and [183]. After an eleven-day trial, on November 6, 2017, Defendant was found guilty by a jury to Count One and Counts Three through Nine. ECF No. [88].

On November 20, 2017, Defendant filed his first motion for a new trial, ECF No. [115], which motion he subsequently amended on November 21, 2017, ECF No. [118] (the "Initial Motion for New Trial"). In the Initial Motion for New Trial, Defendant requested vacatur of the judgment against him. He argued that the Court's exclusion of reverse Rule 404(b) evidence violated his constitutional rights to present a complete defense and that the evidence would have shown that Mr. Mostelac and Ms. Cabrera had the motive, opportunity, intent, plan, and ability to carry out the scheme to defraud WaMu without his knowledge or participation. *Id.* On January 23, 2018, Judge James Cohn, who had presided over the trial, denied the Initial Motion for New Trial, ECF No. [139]. In that order, the Court found Defendant's argument "unavailing" and concluded that "the jury was well aware of Mostelac and Cabrera's past misconduct, having heard extensive testimony about it from the witnesses and argument regarding that testimony in defense counsel's summation. Therefore, the Court cannot find that the marginal impact of the excluded testimony would have been substantial enough to alter the jury's view of whether the Government had proven intent, or to cast a significantly different light upon the Government's general story. Rather, the excluded testimony constitutes precisely the sort of repetitive, marginally relevant, confusing evidence that trial courts routinely disallow." *Id.* at 6 (internal citation and footnote omitted).

On January 31, 2018, Defendant was sentenced to 180 months' imprisonment and ordered to pay approximately $8.3 million in restitution jointly and severally with defendants Ms. Cabrera and Pedro Melian. ECF No. [144]. During the sentencing hearing, Judge Cohn found that Defendant "willfully gave false testimony to the jury," and adopted "those examples of perjured testimony which are set forth on Pages 32 to 34 of the government's response. That's Docket Entry 136." *See* ECF No. [185] at 36-37. On February 8, 2018, Defendant filed his notice of appeal of the final judgment and sentence entered against him. ECF No. [149]. *See also* ECF No. [219] at 9 (noting that the appeal is pending and that Defendant's conviction is not final).

On December 16, 2019, Defendant filed a second Motion for New Trial, ECF No. [219] ("Second Motion for New Trial"). In the motion, Defendant alleged four categories of supposed newly discovered evidence: (1) in 2007, the State of Ohio publicly revoked Gordon Lending Corporation's mortgage broker license and in 2009 there was a complaint filed in Florida with the Office of Financial Regulation about Gordon Lending Corporation; (2) Galen Frizzie, the mortgage broker, did not have a Florida mortgage broker's license until 2015; (3) WaMu aided and abetted the fraud, based on two publicly available lawsuits filed before trial; and (4) Stewart Title Guaranty Company, the company that insured the title agent, is an unindicted co-conspirator. *See id.* at 65-75. He also rehashed many arguments previously raised in the Initial Motion for New Trial, which issues were decided previously by Judge Cohn. *See* ECF No. [139].

On February 7, 2020, Defendant filed his Motion to Compel, ECF No. [239]. In that Motion, he requested the Court compel the Government to disclose information and materials and other evidence reflecting on the credibility of the Government's witnesses. *See id.* On February 21, 2020, the Government filed its Motion for Trial Judge Determination of Motion for a New Trial, ECF No. [246] ("Government's Motion"). The Government requested that Judge Cohn

preside over the Second Motion for New Trial rather than the undersigned. Specifically, the Government argued that judicial economy favored Judge Cohn handling the motion because he was the trial judge and "personally heard the twenty-three witnesses, including the defendant testifying in his own defense, observed all of the witnesses' credibility and their demeanors, and evaluated and weighed the evidentiary value of the hundreds of exhibits admitted throughout the approximately three-week trial," he sentenced Defendant, and decided the Initial Motion for New Trial. *See id.* at 2-3. On February 28, 2020, Defendant filed his Motion for Evidentiary Hearing, ECF No. [247]. In that Motion, Defendant requested an evidentiary hearing "due to the Government's pattern of prosecutorial misconduct in soliciting perjury from their witnesses and now failure to correct the perjury." *Id.* at 1.

On April 15, 2020, the Court entered an Omnibus Order, ECF No. [273] ("Omnibus Order") denying the Government's Motion, the Second Motion for New Trial, the Motion for Evidentiary Hearing, and the Motion to Compel. *See generally id.* Defendant now seeks reconsideration of the Omnibus Oder.

**II.      LEGAL STANDARD**

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration. In ruling on a motion for reconsideration in a criminal case, federal district courts apply civil standards and exercise substantial discretion. *See United States v. Sabooni*, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citing *United States v. Pugh*, 426 F. App'x 876, 876 (11th Cir. 2011)). "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A motion for reconsideration should not simply rehash previously litigated issues[.]" *United*

4

*States v. Russo*, No. 11-6337-RSR, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011); *see also Smith*, 488 F. App'x at 428 ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment" (citing *Arthur*, 500 F.3d at 1343) ). Reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1370 (S.D. Fla. 2002). Indeed, to warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted).

### III. DISCUSSION

In his Motion, Defendant argues that the Court committed clear error or manifest injustice in issuing the Omnibus Order. ECF No. [277]. Specifically, he argues that he was deprived of the opportunity to file a Reply to the Government's Response to his Second Motion for New Trial, Motion to Compel, and Motion for Evidentiary Hearing, ECF No. [268]. Further, he states that there are unsettled evidentiary discrepancies, unsettled disputes over materiality, unsettled disputes over witness credibility, unsettled disputes over *Brady/Giglio* violations, he contends the evidence he relied upon in his Second Motion for New Trial is newly discovered, and he argues that while he did not oppose this Court ruling on his Second Motion for New Trial, he now believes that it was error or manifest injustice. Additionally, in his Supplement, ECF No. [280], he attaches an affidavit describing how his trial attorney's defense would have been different had the "newly discovered evidence" been available.

Case No. 16-cr-60340-BLOOM

Upon review, the Court denies the Motion. Plaintiff rehashes arguments that he previously raised and discussed in his earlier filings, which were rejected by the Court. Further, he does not present newly discovered evidence nor demonstrate that the Omnibus Order amounted to clear error or manifest injustice. Likewise, he has not presented arguments or facts to show that the Court's conclusions need to be revisited. Although he challenges that he was "deprived" of an opportunity to file a Reply, the record reflects otherwise. The Government filed its Response to Defendants' Motions on March 31, 2020, ECF No. [268], which set a reply deadline of April 7, 2020, pursuant to Local Rule 7.1(c)(1). The Court entered the Omnibus Order on April 15, 2020 after no Reply was received. Moreover, Defendant's Motion for an extension of time was not placed into mail until April 8, 2020, and it was untimely even under the prisoner mailbox rule. *See* ECF No. [274]. Nonetheless, Defendant's instant filings operate largely as a reply to the Government's brief, yet the arguments contained therein fail to convince the Court to reconsider its prior decision. Against this backdrop, and most importantly, Defendant can hardly claim manifest injustice as he filed nearly 450 pages in support of his arguments. *See* ECF Nos. [219], [219-1], [221], [239], [247], [250]. Simply put, the Defendant does not show that the "extraordinary remedy" of reconsideration, which should be "employed sparingly," is merited in this instance.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. 277]**, is **DENIED.**

Case No. 16-cr-60340-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 27, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

counsel of record

Marco Laureti
#14482-104
FCI Coleman Low – Unit 4A
Federal Correctional Complex
P.O. Box 1031
Coleman, FL 33521