UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-60340-BLOOM

UNITED STATES OF AMERICA,

v.

MARCO LAURETI,

    Defendant.
_____/

# ORDER DENYING EMERGENCY MOTION FOR RECONSIDERATION OF ORDER DENYING COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Marco Laureti's Emergency Motion for Reconsideration of Order Denying Compassionate Release. ECF No. [318]. The Court has carefully considered the Emergency Motion, the supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Laureti's Motion is denied.

**I.    BACKGROUND**

In December 2016, Defendant Marco Laureti was charged by Superseding Indictment for his involvement in a sophisticated mortgage fraud scheme. ECF No. [5]. On November 6, 2017, a jury convicted Laureti of seven counts of wire fraud affecting a financial institution in violation of 18 U.S.C. §§ 1343 and 2 (Counts 3, 4, 5, 6, 7, 8, 9), and one count of conspiracy to commit wire fraud affecting a financial institution in violation of 18 U.S.C. § 1349 (Count 1). ECF No. [88]. On January 31, 2018, the Court sentenced Laureti to a term of imprisonment of 180 months.[1] ECF

---

[1] The Court also sentenced Laureti to five years of supervised release following the conclusion of his term

No. [144]. Laureti is projected to be released from custody on August 16, 2029.[2]

Laureti's original *pro se* Motion for Compassionate Release sought a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based upon the absence of any available caregivers for his ex-wife and minor children. *See* ECF No. [307]. According to Laureti, since he is the only available caregiver, there were extraordinary and compelling circumstances warranting his immediate release. Laureti also claimed he was entitled to compassionate release because he was a victim of abuse due to his exposure to mold and COVID-19 while incarnated at FCI Coleman from 2018 to 2021. ECF No. [307] at 7.

The Court denied the motion because (1) the Court found there were caregivers who could provide for his minor children—specifically, Giovanna De La Cruz, Malva Machado, Gianna Laureti, Federico Laureti; (2) assuming she was incapacitated, Giovanna De La Cruz's incapacity was not an independent basis for release as an ex-spouse is not a qualifying relationship; (3) neither Laureti's prior conditions of confinement nor the BOP's denial of home confinement could serve as a basis for compassionate release; and (5) Laureti's constitutional arguments lacked merit. *See* ECF No. [317].

Laureti's Emergency Motion now requests that the Court reconsider its prior Order given that there are a material change in circumstances. ECF No. [318]. Laureti asserts that his ex-wife, Giovanna De La Cruz is now incapacitated as she is bed ridden in the hospital suffering from liver and renal failure as well as lung cancer. *Id.* at 2. Laureti contends that all other potential adult caregivers are either unwilling or unable to provide care to Laureti's two minor children. *See id.*

---

of imprisonment. *See* ECF No. [144].

[2] However, Laureti asserts that he has now qualified to enter a Residential Reentry Center (RRC) as early as December 5, 2025. ECF No. [318] at 2.

at 1-2. As such, Laureti now believes that the deterioration of De La Cruz's health is sufficient to alter the Court's analysis.

## II. LEGAL STANDARD

**Motion for Reconsideration**

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the [United States] Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011); *United States v. Nunez*, 2020 WL 5569522, at *1 (M.D. Fla. Sept. 17, 2020). In ruling on a motion for reconsideration in a criminal case, federal courts apply civil standards and exercise substantial discretion. *See United States v. Sabooni*, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014).

> Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

*Nunez*, 2020 WL 5569522, at *1.

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior

decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))).

### III.   DISCUSSION

Upon review and construing Laureti's Motion liberally, the Court finds no basis to warrant reconsideration because Laureti has shown no "intervening change in controlling law, new [compelling] evidence, or need to correct clear error or manifest injustice to warrant reconsideration." *Nunez*, 2020 WL 5569522, at *1. Laureti's sole argument is that De La Cruz's health has deteriorated to such an extent that she is now truly incapacitated and can no longer care for herself or her minor children. However, the Court squarely addressed this argument in its prior order. *See* ECF No. [317]. The Court explained in detail that its decision did not rest on the capacity or incapacity of De La Cruz given that there was insufficient evidence to show Malva Machado, Gianna Laureti, or Federico Laureti were incapable of assuming the caretaking role for De La Cruz and her minor children. Because Laureti's new evidence does not disturb that ultimate conclusion, his Emergency Motion for Reconsideration must be denied.

### IV.   Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Marco Laureti's Emergency Motion for Reconsideration of Order Denying Compassionate Release, ECF No. [318], is **DENIED**.

Case No. 16-cr-60340-BLOOM

2. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 25, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Marco Laureti
14482-104
McCreary-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 3000
Pine Knot, KY 42635
PRO SE